RECEIVED
SEP 1 6 2020
PRO SE OFFICE

20-CV-4421

MAUSKOPF, CH.J.
BLOOM, M.J.

ORIGINAL
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   SEP 1 6 2020   ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Donald Gibson
Plaintiff,

[Insert full name of plaintiff/prisoner]

-against-

Police Officer Teriq C. Grant Shield No. 12175

Police Officer John Doe

Kings County District Attorney
(ADA) John Doe
Defendant(s).

[Insert full name(s) of defendant(s). If you need additional
space, please write "see attached" and insert a separate
page with the full names of the additional defendants. The
names listed above must be identical to those listed in Part I]

CIVIL RIGHTS COMPLAINT
42 U.S.C. § 1983

JURY DEMAND

YES ✓    NO _____

I.   Parties: (In item A below, place your name in the first blank and provide your present
     address and telephone number. Do the same for additional plaintiffs, if any.)

     A.   Name of plaintiff    Donald Gibson

     If you are incarcerated, provide the name of the facility and address:

     Collins Correctional Facility
     P.O. Box 340
     Collins, NY 14034
     Prisoner ID Number:   19 · A · 3592

If you are not incarcerated, provide your current address:

_____

_____

_____

Telephone Number: _____

**B. List all defendants.** You must provide the full names of each defendant and the addresses at which each defendant may be served. The defendants listed here must match the defendants named in the caption on page 1.

Defendant No. 1

Teriq C. Grant Shield No.12175
Full Name

Police Officer
Job Title

1000 Sutter Avenue
Brooklyn, NY 11208
Address

Defendant No. 2

John Doe
Full Name

Police Officer
Job Title

1000 Sutter Avenue
Brooklyn, NY 11208
Address

Defendant No. 3

John Doe
Full Name

Kings County (ADA)
Job Title

350 Jay Street

Brooklyn, NY 11201
Address

Defendant No. 4

_____
Full Name

_____
Job Title

_____

_____
Address

Defendant No. 5

_____
Full Name

_____
Job Title

_____

_____
Address

II.    **Statement of Claim:**

(State briefly and concisely, the facts of your case. Include the date(s) of the event(s) alleged as well as the location where the events occurred. Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights. You need not give any legal arguments or cite to cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. You may use additional 8 ½ by 11 sheets of paper as necessary.)

Where did the events giving rise to your claim(s) occur? In the Vicinity of Crescent Street and Sutter Avenue Brooklyn, NY 11208

When did the events happen? (include approximate time and date) October 1, 2017 at approximately 9:47 pm

# Facts

On october 1, 2017 at approximately 9:47 pm while in the vicinity of crescent street and sutter Avenue, Brooklyn NY Donald Gibson (Plaintiff) and Four other male passengers were pulled over while driving a Nissan Altima (2017) plate No. Hmm7959. Police officer Teriq C. Grant shield No. 12175, of the 75 command, and his partner John Doe approached the vehicle, with officer Grant on the driver's side, and officer John Doe at the passenger's side door. Police officer Grant then asked the driver for license and registration. The driver gave his license and informed Police officer Grant that he was driving a rental car and that the rental agreement was in his phone and would he like to see it. At this time while seated in the rear passenger seat, Plaintiff asked Police officer John Doe why the car was pulled over. Police officer John Doe then replied that he would tell them once his partner is done checking the credentials of the driver. Police officer Grant, without checking the credentials of the driver's license, or the confirmation of the rental agreement, then instructed the driver to step out of the vehicle. The driver complied and stepped out of the vehicle. Police officer Grant then asked the driver if he had anything on him.

The driver informed officer Grant that he was carrying his registered firearm. Police officer Grant in turn confiscated the firearm, and he and his partner John Doe searched the rest of the passenger's of the vehicle. The rear driver's passenger, and the rear middle seat passenger were also carrying registered firearms. The front passenger and the plaintiff did not have any weapons. All passenger's of the vehicle were then handcuffed and instructed to sit on the sidewalk while awaiting to be transported to the precient. Police officer Grant, then asked the driver if there was anything else in the car he should know about. The driver informed the officer that he had an Assault Rifle in the trunk that was also registered to him. After confiscating the Assault Rifle, all passengers of the vehicle were taken to the 115th precient without being informed why they were stopped in the first place.

On october 2, 2017 while Plaintiff was confined in the 115th precient, Police officer Grant informed him that he was being charged with C.P.W. 2nd, a class c Felony for possessing the Assault Rifle in the trunk of the car.
                              — See Exhibit (A)



On october 3, 2017 Plaintiff was arraigned on the C.P.W. 2nd charges and remanded on $30,000 bail. There was no plea offered at this time. — See Exhibit (B)

On october 5, 2017, Plaintiff was served with violation of parole papers by his parole officer M. Medard Shield No. 1417. The violation stemming from his arrest on the weapons charges, Plaintiff requested a preliminary hearing for the violation charges which was to be held on october 19, 2017. — See Exhibit (C) - Parole Violation of release report.

While reading the violation of release report, Plaintiff noted that Police officer Grant stated that he pulled the car over due to a broken taillight, and that the Plaintiff was found in possession of an Assault Rifle. Plaintiff contested to his Parole officer that he never possessed an Assault Rifle at anytime, there was no broken taillight, and that there was no infraction written for a traffic violation.

On october 6, 2017 Plaintiff was transported to court for a Grand Jury proceeding on the weapons charges, He was informed by court officers, that his bail was being dismissed, and that he was being released on his own recognizance. But due to his pending parole violation he had to be remanded until his preliminary hearing date.
— See Exhibit (D)

On october 19, 2017 Plaintiff attended his preliminary hearing where his Parole officer called in Police officer Grant as a witness to the violation charges, While sworn in under oath, Police officer Grant testified that the Plaintiff was not in possession of an Assault Rifle. He further testified that he stopped the vehicle because it had no backlights, a statement inconsistent with a broken taillight, which is mentioned in the violation of release report. He also testified that the driver took responsibility for the gun in his waistband and the Assault Rifle in the trunk of the car. He further testified that his partner John Doe, pulled Plaintiff out of the car and searched him. — See Exhibit (E)- Preliminary Hearing Transcripts.

(5)

After hearing the testimony of Police officer Grant, the hearing officer dismissed all of the violation charges against the Plaintiff, the warrant was lifted, and he was reinstated to parole. — See warrant lift attached to Exhibit (E)

On october 20, 2017 Plaintiff was released from the county Jail. Subsequently he was informed that he had been laid off from both of his Jobs due to missing 20 days of work.

On November 2, 2017 Plaintiff while awaiting trail, was informed that the case against him had been dismissed. — See Exhibit (F)

Respectfully,

Donald Gibson
Plaintiff





CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR COUNTY OF KINGS

STATE OF NEW YORK
COUNTY OF KINGS

THE PEOPLE OF THE STATE OF NEW YORK

v

DONALD GIBSON

POLICE OFFICER TERIQ C GRANT SHIELD NO.12175, OF 075 COMMAND SAYS THAT ON OR
ABOUT OCTOBER 01,2017 AT APPROXIMATELY 09:47 PM AT SUTTER AVE AND CRESCENT
STREET COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

PL 265.03(1)(B)        CRIMINAL POSSESSION OF A WEAPON IN THE SECOND
                       DEGREE (DQO)
PL 265.03(3)           CRIMINAL POSSESSION OF A WEAPON IN THE SECOND
                       DEGREE (DQO)
PL 265.02(1)           CRIMINAL POSSESSION OF A WEAPON IN THE THIRD DEGREE
                       (DQO)
PL 265.02(7)           CRIMINAL POSSESSION OF A WEAPON IN THE THIRD DEGREE
                       (DQO)
PL 265.02(8)           CRIMINAL POSSESSION OF A WEAPON IN THE THIRD DEGREE
                       (DQO)
PL 265.01-B(1)         CRIMINAL POSSESSION OF A FIREARM (DQO)
PL 265.01(1)           CRIMINAL POSSESSION OF A WEAPON IN THE FOURTH
                       DEGREE
PL 265.01(4)           CRIMINAL POSSESSION OF A WEAPON IN THE FOURTH
                       DEGREE (DQO)
AC 10-131(H)(2)        POSSESSION OF AN UNLOADED RIFLE OR SHOTGUN
AC 10-131(I)(5)        POSSESSION OF RIFLE AMMUNITITON
AC 10-131(I)(6)        POSSESSION OF AMMUNITION FEEDING DEVICE

IN THAT THE DEFENDANT DID:

CARRY OR POSSESS AN UNLOADED RIFLE OR SHOTGUN IN PUBLIC WITHIN THE CITY LIMITS
WITHOUT SUCH RIFLE OR SHOTGUN BEING COMPLETELY ENCLOSED, OR CONTAINED, IN A NON-
TRANSPARENT CARRYING CASE; NOT BEING AUTHORIZED TO POSSESS A RIFLE WITHIN THE
CITY OF NEW YORK, DID POSSESS AMMUNITION SUITABLE FOR USE IN A RIFLE;; POSSESS
ANY AMMUNITION FEEDING DEVICE DESIGNED FOR USE IN A FIREARM;; POSSESS ANY
FIREARM, ELECTRONIC DART GUN, ELECTRONIC STUN GUN, GRAVITY KNIFE, SWITCHBLADE
KNIFE, PILUM BALLISTIC KNIFE, METAL KNUCKLE KNIFE, CANE SWORD, BILLY, BLACKJACK,
BLUDGEON, PLASTIC KNUCKLES, METAL KNUCKLES, CHUKA STICK, SAND BAG, SANDCLUB,
WRIST-BRACE TYPE SLINGSHOT OR SLINGSHOT, SHIRKEN OR KUNG FU STAR; POSSESS A
RIFLE, SHOTGUN, ANTIQUE FIREARM, BLACK POWDER RIFLE, BLACK POWDER SHOTGUN, OR
ANY MUZZLE-LOADING FIREARM, AND HAS BEEN CONVICTED OF A FELONY OR SERIOUS
OFFENSE.

; POSSESS ANY FIREARM;; COMMIT THE CRIME OF CRIMINAL POSSESSION OF A WEAPON IN
THE FOURTH DEGREE AS DEFINED IN SUBDIVISION ONE, TWO, THREE OR FIVE OF PENAL LAW
SECTION 265.01, AND HAD BEEN PREVIOUSLY CONVICTED OF ANY CRIME; DEFENDANT DID
POSSESS AN ASSAULT WEAPON;; POSSESS A LARGE CAPACITY AMMUNITION FEEDING DEVICE.
FOR PURPOSES OF THIS SUBDIVISION, A LARGE CAPACITY AMMUNITION FEEDING DEVICE
SHALL NOT INCLUDE AN AMMUNITION DEVICE LAWFULLY POSSESSED BY SUCH PERSON BEFORE
THE EFFECTIVE DATE OF THE CHAPTER OF THE LAWS OF TWO THOUSAND THIRTEEN WHICH
AMEDED THIS SUBDIVISION, THAT HAS A CAPACITY OF, OR THAT CAN BE READILY RESTORED
OR CONVERTED TO ACCEPT MORE THAN SEVEN BUT LESS THAN ELEVEN ROUNDS OF
AMMUNITION, OR THAT WAS MANUFACTURED BEFORE SEPTEMBER THIRTEENTH, NINETEEN
HUNDRED AND NINETY-FOUR, THAT HAS A CAPACITY OF, OR THAT CAN BE READILY RESTORED
OR CONVERTED TO ACCEPT MORE THAN TEN ROUNDS OF AMMUNITION;; WITH INTENT TO USE
UNLAWFULLY AGAINST ANOTHER, POSSESS A LOADED FIREARM; POSSESS ANY LOADED FIREARM
AND THAT SUCH POSSESSION DID NOT TAKE PLACE IN DEFENDANT'S HOME OR PLACE OF
BUSINESS;.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE
AS FOLLOWS:

Printed 10/02/2017 20:42    K17664664    Arrested: 10/01/2017 21:47


2017KN054003

EPONENT STATES THAT, AT THE ABOVE TIME AND PLACE, WHICH IS A PUBLIC STREET, EPONENT OBSERVED THE DEFENDANT SITTING IN THE REAR MIDDLE PASSENGER SEAT OF A 017 NISSAN ALTIMA NEW YORK LICENSE PLATE NUMBER HMM7959, WHICH APPREHENDED THER ANTHONY CARLTON (K17664673) WAS DRIVING, WITH APPREHENDED OTHER ALONZO ONES (K17664661) SITTING IN THE FRONT PASSENGER SEAT, APPREHENDED OTHER TAM MAI K17664674) SITTING IN THE REAR DRIVER SIDE SEAT AND APPREHENDED OTHER LIONEL ILLIAMS (K17664670) SITTING IN THE REAR PASSENGER SIDE SEAT OF THE ABOVE-IENTIONED VEHICLE.

EPONENT FURTHER STATES THAT, AT THE ABOVE TIME AND PLACE, DEPONENT RECOVERED A TAG ARMS ASSAULT RIFFLE WHICH RIFLE HAS THE ABILITY TO ACCEPT A DETACHABLE AGAZINE AND WHICH HAS A FOLDING OR TELESCOPING STOCK, AND RECOVERED A CARTRIGE ONTAINING 12 BULLETS FROM INSIDE THE TRUNK OF THE ABOVE-MENTIONED VEHICLE IN HICH THE DEFENDANT WAS A PASSENGER.

EPONENT IS FURTHER INFORMED BY THE OFFICIAL RECORDS OF THE NEW YORK STATE IVISION OF CRIMINAL JUSTICE SERVICES THAT ON SEPTEMBER 03, 2013 IN THE STATE OF EW YORK, COUNTY OF KINGS, UNDER CASE NUMBER 02547-2013, THE DEFENDANT WAS ONVICTED OF PENAL LAW SECTION 265.02(1) ATTEMPTED CRIMINAL POSSESSION OF A EAPON IN THE 3RD DEGREE: PREVIOUS CONVICTION.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
TO SECTION 210.45 OF THE PENAL LAW.

10/02/17
DATE                        SIGNATURE

Printed 10/02/2017 20:42      K17664664      Arrested: 10/01/2017 21:47



# Criminal Court of the City of New York
## Kings County
### Felony Complaint

**F**

**FEL ( 2017KN054003**

The People of the State of New York
vs.

**Defendant:**

SEALED *pursuant to 160.50 C.P.L.*

BROOKLYN NY

**Charges:**

(M 35) PL 265.03(1)(B)
PL 265.03(3)
PL 265.02(1)
PL 265.02(7)
PL 265.02(8)
PL 265.01-b(1)
PL 265.01(1)
PL 265.01(4)
AC 10-131(H)(2)
AC 10-131(I)(5)
AC 10-131(I)(6)

K17664664

**Docket Number:**

☐ LAS   ☐ BDS   ☒ 18B   ☐ PVT   Name   Fink

Interpreter: Language _____

Bureau: Trial Bureau 1 - Red

**Notices Served at Arraignment:**

☒ CPL 190.50 - Grand Jury
☒ Cross Grand Jury
☐ Waive Cross Grand Jury
☒ CPL 710.30(1) (A) - Statement
☐ CPL 710.30(1) (B) - Identification
☒ CPL 250.20 - Alibi
☒ CPL 240.30 - Discovery
☐ PL 450.10(48 hrs /15 days) - Property
☐ OTHER: _____

*(diagonal watermark)* CPLS CPL 190.50 NOTICE SERVED

**Adjournment:** ☐ Assign 18B   ☐ DTROC

Part: APIF   Date: 10/6/17

☐ CPL 180.80/30.30 Waived

**Bail Condition:**    180.80

$30,000 , $30,000

(Ins. Co. Bond)   (Cash)   (Other)_____

☐ Surety Exam - 48 hours/72 hours
☐ Temporary Order of Protection
☐ ART. 730 Exam Ordered
☐ Medical Attention
☐ Protective Custody
☐ Suicide Watch
☐ Psychiatric Evaluation

*(diagonal text)* ENT IS

Arresting Officer  TERIQ GRANT          Court Reporter          Date          Part

Comments:          TTReq $50,000

*(handwritten notes)*

rear middle seat

handgun in CPW 3° rear seat loaded

D predicate felone → assault rifle in trunk

sitting in middle

AR-1 OCT 3 2017
JDG ESPINAL
REP JULIAN

Judge _____

CRC 3217 (rev. 5/12)



FORM 4003 (6/82)

## NEW YORK STATE CORRECTIONS AND COMMUNITY SUPERVISION

### VIOLATION OF RELEASE REPORT

Warrant Issued    __XXX__                    No Warrant Issued    _____

| | | | |
|---|---|---|---|
| Name: | **Gibson, Donald** | Date Released: | **04-07-2016** |
| NYSID No: | **09634541N** | Max. Expiration: | **11-05-2018** |
| Institution: | **Queensboro C. F** | Date of Warrant: | **10/05/2017** |
| DIN No.: | **13R3390** | Warrant No.: | **771666** |
| Date of Birth: | **06-28-1982** | Date Enforced: | |
| Offense: | **Att.CPW 3rd Sub 1,2,3** | Location: | |
| Sentence: | **1-6-0/3-0-0 w/2-6 prior PRS** | PVU No.: | |

Delinquency Date:   **10-01-2017**

Since his/her release, the above-named individual has violated the conditions of release in the following manner:

**CHARGE #1:**    Gibson, Donald violated rule #8 of the conditions governing his release in that on or about 10/1/17 at approximately 21:47 while in the vicinity of Crescent Street and Sutter Avenue, Brooklyn, NY he was found in possession of an assault rifle.

**CHARGE#2:**    Gibson, Donald violated rule #9 of the conditions governing his release in that on or about 10/1/17 at approximately 21:47 while in the vicinity of Crescent Street and Sutter Avenue, Brooklyn, NY he possessed an assault rifle serial #S027884, a weapon, to wit: as assault rifle bearing.

**CHARGE#3:**    Gibson, Donald violated rule #6 of the conditions governing his release in that on 10/2/2017 and thereafter, he failed to immediately notify his Parole Officer of his law enforcement contact on 10/1/2017 when he was arrested by NYPD.

POSSIBLE WITNESS(ES):
PO Medard
NYPD PO T. Grant
Parole Officer L. James

DOCUMENTS PROVIDED:
Certificate of Release
Arrest Report
Lab Report

FORM 4003 (6/82)

## NEW YORK STATE CORRECTIONS AND COMMUNITY SUPERVISION

### VIOLATION OF RELEASE REPORT

**Name:** Gibson, Donald     **NYSID No.:** 09634541N     **DIN No.:** 13R3390

### ADJUSTMENT TO COMMUNITY SUPERVISION:

Mr. Gibson approved residence is 1426 Loring Avenue, Brooklyn. Subject made his office reports when he is required to. Home visits are conducted on a bi-monthly basis, last home visit was conducted on 8/14/17. Subject has not sustained any curfew violations. Subject was drug tested by NYSDOCCS staff on 6/19/17 when he tested negative for illicit substances. Subject successfully completed his outpatient drug program with Reborn for New Life on 2/6/17. Subject was employed full-time at Carver Hospitality as a janitor.

### CURRENT VIOLATIVE BEHAVIOR:

An arrest notice was received detailing subject's arrest on 10/01/2017. Reportedly, on 10/01/2017 in the vicinity of Crescent Street and Sutter Avenue, Brooklyn, NY, Police Officer Grant, Tax Id #954893 from the 75th precinct, pulled over a car with the subject, Gibson, Donald, in the back-seat, due to a broken tail light. The subject was found in possession of an assault rifle bearing serial #S027884. The subject was arrested and charged with PL 265.03, CPW 2nd: Loaded Firearm, a Class C Felony. The case is known in Brooklyn Supreme Court under docket #2017KN054003 and is adjourned to 10/06/2017 Grand Jury part. Bail/Bond was set at $30,000/$30,000.

### REPORTING STATUS:

Donald Gibson was compliant with making all office reports when he was scheduled. Subject last reported to community supervision on 8/14/2017.

### PAROLEE STATEMENT:

Subject has not made any statements to his Parole Officer.

### RESIDENCE:

The subject was referred to and successfully completed Reborn to New Life drug and alcohol outpatient program on 2/6/17.

### COMPAS LEVEL:

Mr. Gibson is a Compas Level 3 offender whose criminogenic needs were assessed as medium in substance abuse, low in family support and low in Vocational/Educational Development. Subject was referred to Reborn to a New Life to address his substance abuse issue.

### PRESENT STATUS

On 10/5/17, SPO Estwick issued Parole Warrant #771666. Mr. Donald Gibson is currently housed at Brooklyn Detention Complex under Book & Case Number 1411708023. The case is known in Brooklyn Supreme Court under docket #2017KN054003 and is adjourned to 10/06/2017 Grand Jury part. Bail/Bond was set at $30,000/$30,000.

Time on Parole: Years 1     Months 5     Days 24

Time Owed     Years 1     Months 1     Days 4

Parole Officer     Date 10-5-17
M. Medard

Senior Parole Officer     Date 10/5/17
D. Estwick



CRIMINAL COURT OF THE CITY OF NEW YORK
RECORD OF COURT ACTION

| | | Present | Absent | Readiness |
|---|---|---|---|---|
| Date | | ☐ Defendant | ☐ Defendant | ☐ π ready |
| | HOLD | ☐ Attorney | ☐ Attorney | ☐ π not ready |
| | | | Interpreter | |
| Part | | | | |
| | | | Reason for Adjournment | |
| | | ☐ S/D | ☐ Hearing | |
| | | ☐ OFD/Discovery | ☐ Bench Trial | |
| | | ☐ Possible Disposition | ☐ Jury Trial | |
| Judge | | ☐ Decision | ☐ Program | |

*Funk*
*N/O*
*N/A*
*NO GJA*
*180.80 9/8*

DAUGHERTY
CUMMINGS
2017 AP1F&F1

HON
REPT
10-6

☐ TOP

*4/27 ED*

| | Notify | | |
|---|---|---|---|
| Reporter | ☐ Charged | ☐ Defendant | ☐ Defendant Excused |
| Bail Condition          Judge | ☐ Excluded | ☐ Attorney | |

| | | Present | Absent | Readiness |
|---|---|---|---|---|
| Date | | ☐ Defendant | ☐ Defendant | ☐ π ready |
| | HOLD | ☐ Attorney | ☐ Attorney | ☐ π not ready |
| | | | Interpreter | |
| Part | | | | |
| | | | Reason for Adjournment | |
| | *People Concede 30.30 Dismissed* | ☐ S/D | ☐ Hearing | |
| | | ☐ OFD/Discovery | ☐ Bench Trial | |
| | | ☐ Possible Disposition | ☐ Jury Trial | |
| Judge | | ☐ Decision | ☐ Program _____ | |

HON    DEPEYTER
REPT CUMMINGS
11-02-2017 AP1F&F1

☐ TOP

| | Notify | | |
|---|---|---|---|
| Reporter | ☐ Charged | ☐ Defendant | ☐ Defendant Excused |
| Bail Condition          Judge | ☐ Excluded | ☐ Attorney | |

| | | Present | Absent | Readiness |
|---|---|---|---|---|
| Date | | ☐ Defendant | ☐ Defendant | ☐ π ready |
| | HOLD | ☐ Attorney | ☐ Attorney | ☐ π not ready |
| | | | Interpreter | |
| Part | | | | |
| | | | Reason for Adjournment | |
| | | ☐ S/D | ☐ Hearing | |
| | | ☐ OFD/Discovery | ☐ Bench Trial | |
| | | ☐ Possible Disposition | ☐ Jury Trial | |
| Judge | | ☐ Decision | ☐ Program _____ | |

☐ TOP

| | Notify | | |
|---|---|---|---|
| Reporter | ☐ Charged | ☐ Defendant | ☐ Defendant Excused |
| Bail Condition          Judge | ☐ Excluded | ☐ Attorney | |

| TEMPORARY ORDER OF PROTECTION IN EFFECT UNTIL: | TEMPORARY ORDER OF PROTECTIO |
|---|---|

2017KN054003

CRC 3021  (04/2012)



Gibson Donald             DIN # 13R3390          NYSID # 09634541N

1

NYS DEPARTMENT OF CORRECTIONAL SERVICES

AND COMMUNITY SUPERVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

                  In the Matter of

                  DONALD GIBSON

                  DIN #        13R3390

                  NYSID #      09634541N

                  WARRANT #    771666

                  INSTITUTION:  QUEENSBORO C.F.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

LOCATION:              Rikers Island Judicial Center
                       East Elmhurst, New York

TYPE OF HEARING:       Preliminary Hearing

DATE:                  October 19, 2017

BEFORE:                ILENE STANISZEWSKI, Hearing Officer

APPEARANCES:           MEDJINE MEDARD, Parole Officer
                       Shield 1417
                       Brooklyn V Area Office

                       MICHAEL D'AMBROSIO,
                       Attorney for Parolee
                       Legal Aid Society

                       DONALD GIBSON, Parolee

HEARING REPORTER:      EILEEN ARRIGO, Hearing Reporter

PRECISE COURT REPORTING
(516) 747-9393 (718) 343-7227 (212) 581-2570

Gibson Donald              DIN # 13R3390              NYSID # 09634541N

2

1           THE HEARING OFFICER:    Are you Donald Gibson?

2           THE PAROLEE:    Yes.

3           THE HEARING OFFICER:    This is a preliminary hearing

4      in the matter of Donald Gibson, warrant number 771666, NYSID

5      number 09634541N.

6           Good afternoon.  My name is Ilene Staniszewski.  I'm

7      a preliminary hearing officer appointed by the Board of

8      Parole to preside over this hearing.

9           Because there will be testimony given, I would ask

10     that Mr. Gibson and Officer Medard raise your right hands to

11     be sworn in.

12          Do you swear or affirm that the testimony you are

13     about to give will be the truth, the whole truth and nothing

14     but the truth?

15          P.O. MEDARD:    Yes.

16          THE PAROLEE:    Yes.

17          THE HEARING OFFICER:    Parole officer, please state

18     your name, shield and command for the record.

19          P.O. MEDARD:    Parole Officer Medard, shield 1417,

20     Brooklyn V.

21          THE HEARING OFFICER:    Counsel?

22          MR. D'AMBROSIO:    Michael D'Ambrosio, Legal Aid

23     Society, on behalf of Mr. Gibson.

24          THE HEARING OFFICER:    Mr. Gibson, state your name

25     for the record.

Gibson Donald                DIN # 13R3390              NYSID # 09634541N

3

1          THE PAROLEE:   Donald Gibson.

2          THE HEARING OFFICER:   Mr. Gibson, this is an

3     informal administrative hearing to determine if there's

4     probable cause to believe you may have violated one or more

5     of the conditions of your release in an important respect.

6          If probable cause is found, you're held to your final

7     hearing.   If probable cause is not found within 15 days, the

8     warrant is vacated and you're returned to supervision.

9          Do you understand?

10          THE PAROLEE:   Yes, ma'am.

11          THE HEARING OFFICER:   Counsel, have you had the

12     opportunity to discuss with your client his rights and the

13     ways in which he may plead?

14          MR. D'AMBROSIO:   I have.

15          THE HEARING OFFICER:   I will review the documents.

16          I have a violation of release report with three

17     charges on it, a two-page case summary signed on 10-5-2017.

18          I have a notice of violation signed on 10-5-2017.

19     The box is checked I do wish to have a preliminary hearing,

20     and today's date was assigned.

21          I have an arrest notification for an arrest on 10-1

22     with a crime date of 10-1.

23          I have a certificate of release signed April 6, 2016.

24          I have another certificate of release signed the same

25     date.

Gibson Donald            DIN # 13R3390          NYSID # 09634541N

4

1          I have the continuation of the certificate of release
2     signed April 6, 2016 and a copy of that.
3          Counsel, did your client receive these documents?
4          MR. D'AMBROSIO:   Yes.
5          THE HEARING OFFICER:   Parole officer, did you
6     prepare these documents in the normal course of business as
7     a parole officer?
8          P.O. MEDARD:   Yes.
9          THE HEARING OFFICER:   Are they true and accurate to
10    the best of your knowledge?
11         P.O. MEDARD:   Yes.
12         THE HEARING OFFICER:   They are going to be State's
13    Exhibit-1 as an accusatory instrument only.
14         Parole officer, are you ready to proceed?
15         P.O. MEDARD:   I am.
16         THE HEARING OFFICER:   Read your charge into the
17    record.
18         P.O. MEDARD:   "Gibson, Donald violated rule number
19    nine of the conditions governing his release in that on or
20    about 10-1-2017 at approximately 2147 while in the vicinity
21    of Crescent Street and Sutter Avenue, Brooklyn, New York he
22    possessed an assault rifle, serial number S027884, a weapon,
23    to wit, an assault rifle bearing."
24         THE HEARING OFFICER:   Counsel, your client's plea?
25         MR. D'AMBROSIO:   Not guilty.

PRECISE COURT REPORTING
(516) 747-9393 (718) 343-7227 (212) 581-2570

Gibson Donald                DIN # 13R3390            NYSID # 09634541N

5

1            THE HEARING OFFICER:    Parole officer, proceed with

2    your case.

3            P.O. MEDARD:    Mr. Gibson was assigned to my caseload

4    in the beginning of October 2017.  He's currently a COMPAS

5    level three.

6            On 10-2, a report was generated from our command

7    center, which is based on the subject's NYSID number.   The

8    NYSID number was acquired when the subject was

9    fingerprinted.

10           The document was received during the normal course of

11   business, which was the arrest notification on page five.

12   The NYSID number is the same number that matches the number

13   of record for Mr. Gibson.

14           Upon receipt of that arrest notification, I contacted

15   the arresting officer who confirmed that the subject --

16           MR. D'AMBROSIO:    Objection.

17           THE HEARING OFFICER:    He's here to testify, so you

18   don't have to say what he's going to say.  Sustained.  You

19   want to bring him in?

20           P.O. MEDARD:    Yes.

21           THE HEARING OFFICER:    Go ahead.

22           (The witness entered the hearing room.)

23           THE HEARING OFFICER:    I'm going to ask you to raise

24   your right hand to be sworn in.

25           Do you swear or affirm that the testimony you are

Gibson Donald                    DIN # 13R3390              NYSID # 09634541N

6

1    about to give will be the truth, the whole truth and nothing

2    but the truth?

3            THE WITNESS:   Yes.

4            THE HEARING OFFICER:   Please state your name, your

5    shield and your command for the record.

6            THE WITNESS:   PO Grant, shield 12175, 75 precinct.

7            THE HEARING OFFICER:   Parole officer, your witness.

8            P.O. MEDARD:   Officer Grant, do you recognize

9    anybody in the courtroom?

10           THE WITNESS:   Yes.

11           P.O. MEDARD:   Can you identify him for the record?

12           THE WITNESS:   Donald Gibson.

13           P.O. MEDARD:   Can you point him out?

14           THE WITNESS:   Yes (indicating).

15           THE HEARING OFFICER:   Let the record reflect that he

16   pointed to Mr. Gibson.

17           P.O. MEDARD:   Were you on duty on 10-1-2017?

18           THE WITNESS:   Yes.

19           P.O. MEDARD:   What was your tour?

20           THE WITNESS:   I was doing a 3:00 p.m. to 11:35 p.m.

21           P.O. MEDARD:   Did there come a time where you came

22   in contact with the subject?

23           THE WITNESS:   Yes.

24           P.O. MEDARD:   At approximately what time?

25           THE WITNESS:   9:47 p.m.

Gibson Donald                    DIN # 13R3390              NYSID # 09634541N

7

1         P.O. MEDARD:   Can you explain to the court the
2    nature of the contact?
3         THE WITNESS:   Passenger of a vehicle.
4         P.O. MEDARD:   I didn't hear you.
5         THE WITNESS:   He was a passenger in a vehicle.
6         P.O. MEDARD:   Can you explain to the court why you
7    stopped the vehicle?
8         THE WITNESS:   Yes.  It didn't have any back lights.
9         P.O. MEDARD:   Was Mr. Gibson in the vehicle?
10        THE WITNESS:   Yes.
11        P.O. MEDARD:   Where was he sitting?
12        THE WITNESS:   He was the rear passenger seat.
13        P.O. MEDARD:   What events happened after the vehicle
14   was stopped?
15        THE WITNESS:   Asked the driver for license and
16   registration and proof of insurance.  Couldn't produce.  Had
17   trouble producing it, so I asked him to step out.  He told
18   me he had a permit to carry a firearm in Vermont.  I
19   recovered a gun from him.
20        THE HEARING OFFICER:   From who?
21        THE WITNESS:   The driver.
22        Then my partner pulled out the passenger.  I pulled
23   out everybody else.  Whoever was in the rear driver seat, I
24   pulled him out.  There was a gun on the seat.  My partner
25   pulled out Gibson, and the person in the rear middle had a

Gibson Donald                   DIN # 13R3390          NYSID # 09634541N

8

```
1    gun on him.  Then there was --
2              THE HEARING OFFICER:   How many people total?
3              THE WITNESS:   There was five people.
4              THE HEARING OFFICER:   Three in the back and two in
5    the front?
6              THE WITNESS:   Yes.
7              THE HEARING OFFICER:   How many guns were recovered?
8              THE WITNESS:   There were four.
9              THE HEARING OFFICER:   Some of the people had guns on
10   them?
11             THE WITNESS:   The driver had the gun on him in his
12   waistband.  The rear driver, it was on the seat.  And the
13   one in the middle, he had a gun on him in his waistband.
14             THE HEARING OFFICER:   What did Mr. Gibson have?
15             THE WITNESS:   Nothing.  There was another gun in the
16   trunk of the car.
17             P.O. MEDARD:   Did you voucher the firearms?
18             THE WITNESS:   Yes.
19             THE HEARING OFFICER:   Parole officer, he just stated
20   Mr. Gibson had nothing.  What's the difference about the
21   voucher?
22             P.O. MEDARD:   He was still in the vicinity of the
23   firearms.  There was a firearm that was found in the trunk.
24   There was a firearm that was found inside of the vehicle.
25             MR. D'AMBROSIO:   The charge reads possession itself.
```

PRECISE COURT REPORTING
(516) 747-9393 (718) 343-7227 (212) 581-2570

Gibson Donald                DIN # 13R3390           NYSID # 09634541N

9

```
 1    I'd move to dismiss this charge, and parole should not be
 2    allowed to go forward.  He testified that he was not in
 3    possession of it.
 4              THE HEARING OFFICER:   Did anybody take
 5    responsibility for any of the guns?
 6              THE WITNESS:   Yes.  The driver took responsibility
 7    for his gun, the one in his waistband and the gun in the
 8    trunk.  The rear driver seat, he took responsibility for the
 9    one that was on the seat.  The one in the rear middle, he
10    took responsibility for the one in his waistband.
11              THE HEARING OFFICER:   So all four guns were taken
12    responsibility for?
13              THE WITNESS:   Yes.
14              THE HEARING OFFICER:   Did Mr. Gibson make any
15    statement or take any responsibility for any of the weapons?
16              THE WITNESS:   No.
17              THE HEARING OFFICER:   Can you step out, please.
18              (The witness left the hearing room.)
19              MR. D'AMBROSIO:   I move to dismiss charge number
20    two.
21              THE HEARING OFFICER:   I'm going to dismiss all three
22    charges, and the warrant is going to be lifted.
23              However, Mr. Gibson, I must say, and I will say it
24    for the record, the fact that you were driving around in a
25    car with four guns, and the fact that it was laying in the
```

PRECISE COURT REPORTING
(516) 747-9393 (718) 343-7227 (212) 581-2570

Gibson Donald                DIN # 13R3390            NYSID # 09634541N

10

1    middle, you knew it was there and you were in this car makes

2    me want to find probable cause.  You're getting off on a

3    technicality, and I think your curfew should be lowered and

4    you should be given special conditions like you wouldn't

5    believe to be driving around with that many people and that

6    many guns.

7              THE PAROLEE:   Can I say something for the record,

8    ma'am?

9              MR. D'AMBROSIO:   Don't say anything on the record.

10   As your attorney, I'm advising you not to say anything.

11             THE HEARING OFFICER:   All I'm saying is don't let me

12   see you again, and make sure you behave yourself.

13             THE PAROLEE:   Yes, ma'am.

14             THE HEARING OFFICER:   Parole officer, please give

15   him reporting instructions, residence instructions, contact

16   instructions.

17             P.O. MEDARD:   Please report to parole 10-23-2017, 15

18   Second Avenue, at 9:00 a.m.

19             THE HEARING OFFICER:   Do you know where he lives?

20             P.O. MEDARD:   I do not know where he lives.  He

21   lives somewhere in East New York.

22             THE HEARING OFFICER:   He's allowed to go back to the

23   residence that was approved before?

24             MR. D'AMBROSIO:   It's in the VOP.

25             P.O. MEDARD:   Right now.

PRECISE COURT REPORTING
(516) 747-9393 (718) 343-7227 (212) 581-2570

Gibson Donald              DIN # 13R3390           NYSID # 09634541N

                                                                11

```
 1              THE HEARING OFFICER:   How about the people he was
 2      with?
 3              P.O. MEDARD:   I do not know the people he was with.
 4      I believe he said they were family members.  He's not
 5      allowed to be around the --
 6              THE HEARING OFFICER:   Codefendants in this case?
 7              P.O. MEDARD:   -- codefendants in this case.
 8              THE HEARING OFFICER:   Do any of them live with you?
 9              THE PAROLEE:   No, ma'am.
10              THE HEARING OFFICER:   Warrant number 771666 is being
11      lifted.
12              If there's nothing further, we are off the record.
13                      HEARING CONCLUDED
14
15
16
17
18
19
20
21
22
23
24
25
```

Gibson Donald                DIN # 13R3390            NYSID # 09634541N

12

1
2                          CERTIFICATION
3
4
5                  I, EILEEN ARRIGO, Court Reporter and Notary
6       Public in and for the State of New York, do hereby certify
7       that I attended the foregoing proceedings, took stenographic
8       notes of the same, that the foregoing, consisting of 12
9       pages, is a true and correct copy of same and the whole
10      thereof.
11
12      Dated: October 20, 2017
13
14
15
16      ---Eileen Arrigo----------
17             Eileen Arrigo, Court Reporter
18
19
20
21
22
23
24
25

                          PRECISE COURT REPORTING
              (516) 747-9393 (718) 343-7227 (212) 581-2570

GIBSON, DONALD    Warrant # 09634541N    Hearing Date 10 19 17    Place

Name ___    NYSID Number ___    ___

Hearing Officer: Staniszewski    Attorney: D'Ambrosio

1. List witnesses in order of appearance:
   ☒ Parole Officer    Medard M    1417    Bklyn 5
   ☒ Releasee    Donald Gibson
   ☒ Witnesses    NYPD Grant 7    12175    75th pct

2. List documents introduced into evidence:
   ☒ Notice of Violation Form 9011
     dated: 10 5 17
   ☒ Certificate of Release to Parole Supervision
     dated: April 6 16
   ☒ Violation of Release Report
     dated: 10 5 17
   ☐ Supplemental Violation of Release Report
     dated: ___
   ☐ Other ___

3. List reasons for determination and evidence relied on:

   Charge # 2 (a) possessed assault rifle
        Not guilty plea entered
      NYPD officer testified.
      The Police Officer said 5 people
   were in the car. 4 took responsibility
   for 4 weapons. P had nothing
   on him, nor did he take responsibility
   for any of them

             Warrant LIFT

☐ I find there is probable cause that you violated the conditions of your release.

**NOTE:** ALL CHARGES MAY BE PRESENTED AT THE FINAL HEARING.

☒ I find there is not probable cause that you violated the conditions of your release.

10-19-17    Signature: Elene Staniszewski

Date    Hearing Officer

```
CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS                          CERTIFICATE OF DISPOSITION
                                             NUMBER:  669069
THE PEOPLE OF THE STATE OF NEW  YORK
                    VS

GIBSON,DONALD R                              06/28/1982
Defendant                                Date of Birth

601 EMERALD                                  9634541N
Address                                  NYSID Number

BROOKLYN            NY                        10/01/2017
City            State   Zip              Date of Arrest/Issue

Docket Number: 2017KN054003                  Summons No:

PL 265.01 01 AM,PL 265.03 1B CF,PL 265.03 03 CF,PL 265.02 01 DF,
PL 265.02 07 DF,PL 265.02 08 DF,PL 265.1B 01 EF,PL 265.01 04 AM,AC 10-131 H2 |'
-------------------------------------------------------------------------
Arraignment Charges


Case Disposition Information:

   Date        Court Action                   Judge              Part
11/02/2017  DISMISSED AND SEALED          DANIELS DEPEYSTER,C    AP1F
```

SEALED

pursuant to Section 160.50 of the CPL

```
NO FEE CERTIFICATION

_ GOVERNMENT AGENCY      _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

 SOURCE  _ ACCUSATORY INSTRUMENT  _ DOCKET BOOK/CRIMS  _ CRC3030[CRS963]


    I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

RAY,A                                   11/17/2017
COURT OFFICIAL SIGNATURE AND SEAL            DATE     FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
          SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)
```

Facts: (what happened?) _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**II.A.   Injuries.**   If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required.  Was medical treatment received?

Plaintiff was unjustly arrested and incarcerated. P.O. Teriq C. Grant and P.O. John Doe willfully detained Plaintiff against his 4th Amendment rights of Search and Seizure. The District Attorney (ADA) John Doe neglected his Over duty to dismiss charges against Plaintiff violating Plaintiffs

6th Amendment rights Due Process. As a result Plaintiff remanded illegally imprisoned for 20 days from Oct. 1 to Oct. 20 lost both regular jobs and suffered emotional distress. As a result of being held at Riker's Island Plaintiff suffered physical abuse by other inmates.

III.   Relief: State what relief you are seeking if you prevail on your complaint.

Petitioner seeks compensation for the violations of his constitutional rights to Protections from illegal Search and Seizure and inalienable rights to Due process. Further he seeks compensation for each of the 20 days he was illegally imprisoned, along with loss of wages inclusive of the additional (270) days it took to find new work. In addition the experience involved emotional trauma stemming from the physical abuse and distress of being wrongly imprisoned.

I declare under penalty of perjury that on ___7-30-20___, I delivered this
                                                          (date)
complaint to prison authorities at ___Collins___ to be mailed to the United
                                                  (name of prison)
States District Court for the Eastern District of New York.


I declare under penalty of perjury that the foregoing is true and correct.

Dated: 7·30·20                    ___Donald Gibson___
                                   Signature of Plaintiff

                                   ___Collins Corr. Facility___
                                   Name of Prison Facility or Address if not incarcerated

                                   ___P.O. Box 340___
                                   ___Collins NY 14034___

                                   _____
                                   Address

                                   ___19·A·3592___
                                   Prisoner ID#

```
                    STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES
                                        WYOMING CORRECTIONAL FACILITY
                           INMATE STATEMENT FOR THE PERIOD 01/01/20 THRU 01/31/20
*********************************************************************************************
*                                                                                          *
*     NAME:GIBSON DONALD          DEPT ID:19A3592    CELL LOC:0M-02-29B   NYSID:09635454IN  *
*                                                                                          *
*********************************************************************************************

FACILITY  DATE      ---- TRANSACTION ----   TR-NUM   RECEIPT(+)  DISBURS(-)  COLLECTED AMT  STATEWIDE    STATEWIDE
                        (COMMENTS)                                                          SPENDABLE    ACCT BAL

                   STARTING BALANCE AT WYOMING                                  51.90          .03       51.93
                   BALANCE FORWARD                                                                        51.93
WYOMING  01/02/20  PAYROLL RCPT (LAG $0.30)  151126      1.20                                   .75       53.13
WYOMING  01/02/20  PAYROLL RCPT (LAG $0.58)  521614      2.32                                  2.32       55.45
WYOMING  01/09/20  PAYROLL RCPT (LAG $0.30)  151126      1.20                                   .92       55.45
WYOMING  01/09/20  PAYROLL RCPT (LAG $0.58)  552411      2.32                                  2.87       58.97
WYOMING  01/09/20  PAYROLL RCPT (LAG $0.58)  552411      2.32                                  4.27       58.97
WYOMING  01/16/20  PAYROLL RCPT (LAG $0.30)  151126      1.20                                   .48       60.17
WYOMING  01/16/20  PAYROLL RCPT (LAG $0.58)  552411      2.90                                  4.99       60.17
WYOMING  01/16/20  PAYROLL RCPT (LAG $0.72)  552411      1.90                                  6.73       63.07
WYOMING  01/23/20  PAYROLL RCPT (LAG $0.30)  151126      1.20                                  1.16       64.27
WYOMING  01/23/20  PAYROLL RCPT (LAG $0.30)  151126      1.48                                  7.45       64.27
WYOMING  01/23/20  PAYROLL RCPT (LAG $0.72)  552411      2.90                                  1.48       67.17
WYOMING  01/27/20  COMM BUY                  552411                  6.35                      9.39       60.82
WYOMING  01/27/20  PAYROLL RCPT (LAG $0.26)  151126       .96                                  1.06       60.82
WYOMING  01/30/20  PAYROLL RCPT (LAG $0.58)  151126      2.32                                  2.84       61.78
WYOMING  01/30/20  PAYROLL RCPT (LAG $0.58)  552411      2.32                                  3.42       64.10
WYOMING  01/30/20  PAYROLL RCPT (LAG $0.72)  552411                                            4.82       64.10

                   MONTHLY ENDING TOTALS              18.52       6.35       59.28            4.82

                   ENDING BALANCE AT WYOMING                                                 64.10        64.10

     20% OF AVERAGE 6 MO SPENDABLE BALANCE      .42   20% OF AVERAGE 6 MO DEPOSIT AMT         6.95

     LAGGED PAYROLL, DAYS LAGGED - 14 AMOUNT LAGGED -  12.04
     THIS AMOUNT WILL BE ADDED TO YOUR ACCOUNT UPON RELEASE ONLY

---- REASON ----   DATE IMPOSED ---- NOTES ----   ENCUMBRANCE BREAKDOWN -- MTDATE   COL TO-DATE   BALANCE DUE   CNTY/ORI CAS
SURCHARGE          10/27/19   1289-19CVAF25        TOTAL OWED COL         3.69       29.64         295.36        KINGS
DNA DATABANK FEE   10/07/19   1289-19             50.00                              29.64         20.36
                                                                           3.69

     *  ENCUMBRANCES ESTABLISHED AND PAID IN THE CURRENT MONTH.
```

```
                    STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES
                                         WYOMING
                              INMATE STATEMENT FOR THE PERIOD 02/01/20 THRU 02/28/20
```

```
************************************************************************
*                                                                      *
*  NAME:GIBSON DONALD          DEPT ID:19A3592   CELL LOC:0M-02-29B   NYSID:09635456IN  *
*                                                                      *
************************************************************************
```

| FACILITY | DATE | TRANSACTION (COMMENTS) | TR-NUM | RECEIPT(+) | DISBURS(-) | COLLECTED AMT | STATEWIDE SPENDABLE | STATEWIDE ACCT BAL |
|---|---|---|---|---|---|---|---|---|
| | | STARTING BALANCE AT WYOMING | | | | | | 44.10 |
| | | BALANCE FORWARD | | | | 59.28 | 4.82 | 44.10 |
| WYOMING | 02/06/20 | PAYROLL RCPT (LAG $0.30) | 151126 | 1.20 | | .48 | 5.54 | 65.30 |
| WYOMING | 02/06/20 | PAYROLL RCPT (LAG $0.72) | 552411 | 2.90 | | 1.16 | 7.28 | 68.20 |
| WYOMING | 02/10/20 | COMM BUY | | | 4.70 | | 2.58 | 63.50 |
| WYOMING | 02/13/20 | PAYROLL RCPT | 151126 | 1.50 | | .60 | 3.18 | 65.00 |
| WYOMING | 02/13/20 | PAYROLL RCPT | 552411 | 3.62 | | 1.44 | 4.62 | 68.62 |
| WYOMING | 02/20/20 | PAYROLL RCPT | 151126 | 1.50 | | .60 | 5.22 | 70.12 |
| WYOMING | 02/20/20 | PAYROLL RCPT | 552411 | 3.62 | | 1.44 | 6.66 | 73.74 |
| WYOMING | 02/24/20 | COMM BUY | | | 5.59 | | 8.74 | 75.74 |
| WYOMING | 02/27/20 | PAYROLL RCPT | | | | .00 | 3.15 | 68.15 |
| WYOMING | 02/27/20 | PAYROLL RCPT | 151126 | 1.20 | | .48 | 3.87 | 69.35 |
| WYOMING | 02/27/20 | PAYROLL RCPT | 552411 | 2.90 | | 1.16 | 5.61 | 72.25 |

```
                    MONTHLY ENDING TOTALS                18.44   10.29   66.64   5.61   72.25
```

```
                    ENDING BALANCE AT WYOMING                                            72.25
```

```
     20% OF AVERAGE 6 MO SPENDABLE BALANCE    .61   20% OF AVERAGE 6 MO DEPOSIT AMT    7.57
```

```
          LAGGED PAYROLL, DAYS LAGGED - 15 AMOUNT LAGGED -    13.06
          THIS AMOUNT WILL BE ADDED TO YOUR ACCOUNT UPON RELEASE ONLY
```

```
--- REASON ---      DATE IMPOSED   --- NOTES ---      --- ENCUMBRANCE BREAKDOWN ---
SURCHARGE            10/07/19       1289-19CVAF25      TOTAL OWED   COL MTDATE   COL TO-DATE   BALANCE DUE   CNTY/ORI  CAS
DNA DATABANK FEE     10/07/19       1289-19           325.00       3.68         33.32         291.68        KINGS
                                                      50.00        3.68         33.32         16.68
```

```
* ENCUMBRANCES ESTABLISHED AND PAID IN THE CURRENT MONTH.
```

```
******************************************
*                                        *
*   STATE OF NEW YORK DEPARTMENT OF       *
*         CORRECTIONAL SERVICES           *
*         WYOMING                         *
*         CORRECTIONAL FACILITY           *
*   INMATE STATEMENT-FOR THE PERIOD       *
*         02/29/20 THRU 03/31/20          *
*                                        *
******************************************
```

NAME:GIBSON DONALD     DEPT ID:19A3592     CELL LOC:OH-02-29B     NYSID:09634541N

| FACILITY | DATE | TRANSACTION (COMMENTS) | TR-NUM | RECEIPT(+) | DISBURS(-) | COLLECTED AMT | STATEWIDE SPENDABLE | STATEWIDE ACCT BAL | CNTY/ORI CAS |
|---|---|---|---|---|---|---|---|---|---|
| | | STARTING BALANCE AT WYOMING BALANCE FORWARD | | | | 66.64 | 5.61 | 72.25 | |
| WYOMING | 03/05/20 | PAYROLL RCPT | 151126 | .00 | | .00 | 5.61 | 72.25 | |
| WYOMING | 03/05/20 | PAYROLL RCPT | 552411 | 3.62 | | 1.44 | 7.79 | 75.87 | |
| WYOMING | 03/09/20 | COMM BUY | | | 5.55 | | 2.24 | 70.32 | |
| WYOMING | 03/09/20 | COPIES | | | .20 | | 2.04 | 70.12 | |
| WYOMING | 03/09/20 | COPIES (COPIES) | | | | | 2.04 | 70.12 | |
| WYOMING | 03/12/20 | PAYROLL RCPT | 151126 | 1.50 | | .60 | 2.94 | 71.62 | |
| WYOMING | 03/12/20 | PAYROLL RCPT | 552411 | 3.87 | | 1.54 | 5.27 | 75.49 | |
| WYOMING | 03/19/20 | PAYROLL RCPT | 151126 | 1.50 | | .60 | 6.17 | 76.99 | |
| WYOMING | 03/19/20 | PAYROLL RCPT | 552411 | 3.87 | | 1.54 | 8.50 | 80.86 | |
| WYOMING | 03/24/20 | COPIES | | | .30 | | 8.20 | 80.56 | |
| WYOMING | 03/26/20 | COPIES COPIES | | | | | 8.20 | 80.56 | |
| WYOMING | 03/26/20 | PAYROLL RCPT | 151126 | 1.50 | | .60 | 9.10 | 82.06 | |
| WYOMING | 03/26/20 | PAYROLL RCPT | 552411 | 3.87 | | 1.54 | 11.43 | 85.93 | |
| | | MONTHLY ENDING TOTALS | | 19.73 | 6.05 | 74.50 | 11.43 | | |

ENDING BALANCE AT WYOMING     85.93

20% OF AVERAGE 6 MO SPENDABLE BALANCE     .99

20% OF AVERAGE 6 MO DEPOSIT AMT     8.22

LAGGED PAYROLL - DAYS LAGGED - 15   AMOUNT LAGGED - 13.06
THIS AMOUNT WILL BE ADDED TO YOUR ACCOUNT UPON RELEASE ONLY

| ---- REASON ---- | DATE IMPOSED | ---- NOTES ---- | ENCUMBRANCE BREAKDOWN --- | | | | |
|---|---|---|---|---|---|---|---|
| | | | TOTAL OWED | COL MTDATE | COL TO-DATE | BALANCE DUE | CNTY/ORI CAS |
| SURCHARGE | 10/07/19 | 1289-NYCVAF-25 | 325.00 | 3.93 | 37.25 | 287.75 | KINGS |
| DNA DATABANK FEE | 10/07/19 | 1289-19 | 50.00 | 3.93 | 37.25 | 12.75 | |

* ENCUMBRANCES ESTABLISHED AND PAID IN THE CURRENT MONTH.

```
                    STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES
                                       WYOMING
                             CORRECTIONAL FACILITY
                    INMATE STATEMENT FOR THE PERIOD 04/01/20 THRU 04/30/20

***************************************************************************************
*                                                                                     *
* NAME:GIBSON DONALD          DEPT ID:19A3592    CELL LOC:0M-02-29B  NYSID:09634541N   *
*                                                                                     *
***************************************************************************************
```

| FACILITY | DATE | ---- TRANSACTION ---- (COMMENTS) | TR-NUM | RECEIPT(+) | DISBURS(-) | COLLECTED AMT | STATEWIDE SPENDABLE | STATEWIDE ACCT BAL |
|---|---|---|---|---|---|---|---|---|
| | | STARTING BALANCE AT WYOMING | | | | | | 85.93 |
| | | BALANCE FORWARD | | | | 74.50 | 11.43 | 85.93 |
| WYOMING | 04/02/20 | PAYROLL RCPT | 151126 | 1.50 | | .60 | 12.33 | 87.43 |
| WYOMING | 04/02/20 | PAYROLL RCPT | 552411 | 3.87 | | 1.54 | 14.66 | 91.30 |
| WYOMING | 04/06/20 | COMM BUY | | | 11.07 | .00 | 3.59 | 80.23 |
| WYOMING | 04/09/20 | PAYROLL RCPT | 151126 | 1.50 | | .60 | 4.49 | 81.73 |
| WYOMING | 04/09/20 | PAYROLL RCPT | 552411 | 3.87 | | 1.54 | 6.82 | 85.60 |
| WYOMING | 04/16/20 | PAYROLL RCPT | 151126 | 1.50 | | .60 | 7.72 | 87.10 |
| WYOMING | 04/16/20 | PAYROLL RCPT | 552411 | 3.87 | | 1.54 | 10.05 | 90.97 |
| WYOMING | 04/20/20 | COMM BUY | | | 6.76 | .00 | 3.29 | 84.21 |
| WYOMING | 04/23/20 | PAYROLL RCPT | 151126 | 1.50 | | .60 | 4.19 | 85.71 |
| WYOMING | 04/23/20 | PAYROLL RCPT | 552411 | 3.87 | | 1.54 | 6.52 | 89.58 |
| WYOMING | 04/30/20 | PAYROLL RCPT | 151126 | 1.50 | | .60 | 7.42 | 91.08 |
| WYOMING | 04/30/20 | PAYROLL RCPT | 552411 | 3.87 | | 1.54 | 9.75 | 94.95 |
| | | MONTHLY ENDING TOTALS | | 26.85 | 17.83 | 85.20 | 9.75 | 94.95 |
| | | ENDING BALANCE AT WYOMING | | | | | | 94.95 |

```
      20%  OF AVERAGE 6 MO SPENDABLE BALANCE        1.62    20%  OF AVERAGE 6 MO DEPOSIT AMT        8.40
```

```
                         LAGGED PAYROLL, DAYS LAGGED -  15 AMOUNT LAGGED -     13.06
                         THIS AMOUNT WILL BE ADDED TO YOUR ACCOUNT UPON RELEASE ONLY
```

```
---- REASON ----      DATE IMPOSED    ---- NOTES ----       ------- ENCUMBRANCE BREAKDOWN -------
SURCHARGE               10/07/19      1289-19CVAF25          TOTAL OWED    COL MTDATE  COL TO-DATE  BALANCE DUE  CNTY/ORI CAS
DNA DATABANK FEE        10/07/19      1289-19                 325.00         5.35        42.60       282.40      KINGS
                                                              50.00         5.35        42.60         7.40
```

```
  *    ENCUMBRANCES ESTABLISHED AND PAID IN THE CURRENT MONTH.
```

```
STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES
WYOMING CORRECTIONAL FACILITY
INMATE STATEMENT FOR THE PERIOD 05/01/20 THRU 05/29/20
```

**NAME:GIBSON DONALD    DEPT ID:19A3592    CELL LOC:0M-02-29B    NYSID:09635451N**

| FACILITY | DATE | TRANSACTION (COMMENTS) | TR-NUM | RECEIPT(+) | DISBURS(-) | COLLECTED AMT | STATEWIDE SPENDABLE | STATEWIDE ACCT BAL |
|---|---|---|---|---|---|---|---|---|
| | | STARTING BALANCE AT WYOMING BALANCE FORWARD | | | | 85.20 | 9.75 | 94.95 / 94.95 |
| WYOMING | 05/06/20 | COMM BUY | 151126 | | 5.57 | .00 | 4.18 | 89.38 |
| WYOMING | 05/07/20 | PAYROLL RCPT | 55241I | 1.50 | | 1.60 | 5.08 | 90.88 |
| WYOMING | 05/07/20 | PAYROLL RCPT | 151126 | 3.87 | | 1.54 | 7.41 | 94.75 |
| WYOMING | 05/14/20 | PAYROLL RCPT | 55241I | .30 | | 1.12 | 7.59 | 95.05 |
| WYOMING | 05/14/20 | PAYROLL RCPT | 55241I | 3.87 | | 11.75 | 9.92 | 98.92 |
| WYOMING | 05/15/20 | ELECTRONIC RECEIPT | AK91147 | 25.00 | | 23.17 | 25.17 | 123.92 |
| WYOMING | 05/18/20 | COMM BUY | 151126 | | 6.26 | 16.91 | 16.91 | 117.66 |
| WYOMING | 05/21/20 | PAY ENC-DNA (1289-19 ) | | | 50.00 | 50.00- | 18.11 | 67.66 |
| WYOMING | 05/21/20 | PAYROLL RCPT | 55241I | 1.50 | | 50.30 | 18.11 | 69.16 |
| WYOMING | 05/21/20 | PAYROLL RCPT | 151126 | 3.87 | | .77 | 21.21 | 73.03 |
| WYOMING | 05/28/20 | PAYROLL RCPT | 55241I | 1.50 | | .30 | 22.41 | 74.53 |
| WYOMING | 05/28/20 | PAYROLL RCPT | 55241I | 3.87 | | .77 | 25.51 | 78.40 |
| | | MONTHLY ENDING TOTALS | | 45.28 | 61.83 | 52.89 | 25.51 | 78.40 |

```
                    ENDING BALANCE AT WYOMING                                                    78.40

20%  OF AVERAGE 6 MO SPENDABLE BALANCE      1.90    20%  OF AVERAGE 6 MO DEPOSIT AMT                 4.80
```

```
---- REASON ----      ---- NOTES ----        ------- ENCUMBRANCE BREAKDOWN -------
                      DATE IMPOSED  ---- NOTES ----    TOTAL OWED   COL MTDATE   COL TO-DATE   BALANCE DUE   CNTY/ORI CAS
SURCHARGE             10/07/19      1289-19CVAF25         325.00        10.29        52.89        272.11        KINGS
```

```
*  ENCUMBRANCES ESTABLISHED AND PAID IN THE CURRENT MONTH.
```

```
LAGGED PAYROLL, DAYS LAGGED - 15 AMOUNT LAGGED - 13.06
THIS AMOUNT WILL BE ADDED TO YOUR ACCOUNT UPON RELEASE ONLY
```

```
*********************************************
*                                           *
*      STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES
*              WYOMING CORRECTIONAL FACILITY.
*      INMATE STATEMENT FOR THE PERIOD 05/30/20 THRU 06/30/20
*                                           *
*********************************************
*                                           *
*  NAME:GIBSON DONALD      DEPT ID:19A3592   CELL LOC:SH-UC-031   NYSID:09634541N  *
*                                           *
*********************************************
```

| FACILITY | DATE | ---- TRANSACTION ---- (COMMENTS) | TR-NUM | RECEIPT(+) | DISBURS(-) | COLLECTED AMT | STATEWIDE SPENDABLE | STATEWIDE ACCT BAL |
|---|---|---|---|---|---|---|---|---|
| | | STARTING BALANCE AT WYOMING | | | | | | 78.40 |
| | | BALANCE FORWARD | | | | 52.89 | 25.51 | 78.40 |
| WYOMING | 06/01/20 | COMM BUY | 151126 | 1.20 | | .00 | 5.27 | 58.16 |
| WYOMING | 06/04/20 | PAYROLL RCPT | 52411 | .62 | | .24 | 6.25 | 59.36 |
| WYOMING | 06/04/20 | PAYROLL RCPT | 52411 | 3.10 | | .62 | 8.71 | 62.46 |
| WYOMING | 06/06/20 | ELECTRONIC RECEIPT | AL40104 | 100.00 | | 25.00 | 83.71 | 162.46 |
| WYOMING | 06/11/20 | PAYROLL RCPT | 151126 | 1.50 | | .30 | 84.91 | 163.96 |
| WYOMING | 06/11/20 | PAYROLL RCPT | 552411 | 3.87 | | .77 | 88.01 | 167.83 |
| WYOMING | 06/15/20 | COMM BUY | | | 82.97 | .00 | 5.04 | 84.86 |
| WYOMING | 06/15/20 | BEG ENC-DP-T2($5.00) | | | | 5.00- | .04 | 84.86 |
| WYOMING | 06/15/20 | PAY ENC-DP-T2(06/10/20 | | | | 5.00 | .04 | 84.86 |
| WYOMING | 06/18/20 | PAYROLL RCPT | 151126 | 1.50 | | .30 | 1.04 | 79.86 |
| WYOMING | 06/18/20 | PAYROLL RCPT | 552411 | 3.87 | | .77 | 4.34 | 81.25 |
| WYOMING | 06/24/20 | COMM BUY | | | 3.85 | .00 | 1.49 | 85.25 |
| WYOMING | 06/25/20 | PAYROLL RCPT | 151126 | 1.50 | | .30 | 1.69 | 81.38 |
| WYOMING | 06/25/20 | PAYROLL RCPT | 552411 | 3.87 | | .77 | 4.79 | 82.88 |
| | | | | | | | | 86.75 |

```
              MONTHLY ENDING TOTALS           120.41   112.06      81.96
              ENDING BALANCE AT WYOMING                             86.75

 20%  OF AVERAGE 6 MO SPENDABLE BALANCE    2.06   20%  OF AVERAGE 6 MO DEPOSIT AMT    4.79
```

```
 ---- REASON ----    DATE IMPOSED   ---- NOTES ----   ENCUMBRANCE BREAKDOWN
SURCHARGE             10/07/19       1289-19CVAF25     TOTAL OWED  COL MTDATE  COL TO-DATE  BALANCE DUE  CNTY/ORI CAS
*DISCIPLINARY TIER II 06/15/20       06/10/20          325.00      29.07       81.96        243.04       KINGS
                                                       5.00        5.00        5.00         .00

   *  ENCUMBRANCES ESTABLISHED AND PAID IN THE CURRENT MONTH.

LAGGED PAYROLL, DAYS LAGGED -  15    AMOUNT LAGGED -    13.06
THIS AMOUNT WILL BE ADDED TO YOUR ACCOUNT UPON RELEASE ONLY
```

```
                                                                8.31
```

```
                                                                86.75
```

Collins Correctional Facili

P.O. Box # 340

Collins, NY 14034

Donald Gibson Din. 19.A

OS-B2-49B

United States

Eastern District

225 Cadman P

Brooklyn, NY 11

Attention: Pro Se

UNITED STATES POSTAL SERVICE®

1006

EXPECTED DELIVERY DAY: 09/08/20

USPS TRACKING® NUMBER

9505 5161 5036 0247 1876 16

Legal Mail

