UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DONALD GIBSON,

        Plaintiff,

   -against-

POLICE OFFICER TERIQ C. GRANT, Shield No.
12175; POLICE OFFICER JOHN DOE; JOHN DOE
KINGS COUNTY DISTRICT ATTORNEY (ADA),

        Defendants.

----------------------------------------------------------------x

**ORDER OF PARTIAL DISMISSAL**
20-CV-4421 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge:

      On September 16, 2020, Plaintiff Donald Gibson, currently incarcerated at the Collins Correctional Facility, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, Plaintiff's claim against John Doe, Assistant District Attorney, is dismissed for failure to state a claim upon which relief may be granted. Plaintiff's complaint will proceed against Officer Teriq C. Grant and the John Doe Officer, once that officer is identified.

## BACKGROUND

      The following facts are drawn from Plaintiff's pleading, the allegations of which are assumed to be true for purposes of this memorandum and order. On October 1, 2017, Plaintiff was a passenger in a rental car which was stopped by Officer Teriq C. Grant and his partner, allegedly for a broken taillight. (Compl. (Doc. No. 1) at 4.)[1] The driver of the car informed the

---

[1] Since the complaint is not paginated, the Court uses the page numbers assigned to the complaint by the Court's Electronic Case Filing system.

officers that he was carrying a registered firearm and a subsequent search of the vehicle revealed additional firearms, including an assault rifle located in the trunk of the car. (*Id.* at 5.)

On October 1, 2017, Plaintiff was arrested and charged with criminal possession of a weapon. On October 3, 2017, he was remanded to custody and thereafter charged with violating the conditions of his release in another, unrelated case by being in possession of the assault rifle and failing to report his arrest to his parole officer. (*Id.* at 6, 15). On October 17, 2019, Plaintiff appeared at a parole hearing at which Officer Grant testified that Plaintiff was not in possession of the assault rifle and that the driver of the car admitted responsibility for the weapons. The parole violation charges against Plaintiff were dismissed and on October 20, 2017, he was released from jail. (*Id.* at pg. 8). On November 2, 2017, the criminal charges against Plaintiff were dismissed. (*Id.* at 8, 34).

On September 16, 2020, Plaintiff commenced this action against Grant; his partner, Police Officer John Doe ("Officer Doe"); and Kings County District Attorney (ADA) John Doe ("ADA" Doe"), who allegedly failed to dismiss the criminal charges which were pending against him. (Compl. at 35). Plaintiff seeks only monetary damages.

## STANDARD OF REVIEW

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*). To state a claim on which relief

may be granted, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read such a complaint liberally and interpret it as raising the strongest arguments it suggests. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *See Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010).

**DISCUSSION**

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting

*Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*; *see also Moore v. Toulon*, No. 18-CV-5276 (JMA)(ARL), 2019 WL 885932, at *2 (E.D.N.Y. Feb. 22, 2019).

Plaintiff alleges that ADA Doe failed to dismiss the criminal charges which were pending against him. (Compl. at 35). To the extent Plaintiff seeks argue that the prosecutor violated his constitutional rights by initiating or pursuing a meritless criminal action against him, the claim fails to state a claim for relief. A prosecuting attorney who acts within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983. *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005); *Brown v. County of Kings*, 19-CV-6755 (RPK), 2020 WL 4431521, at *3 (E.D.N.Y. July 30, 2020); *Chapman v. Nassau County*, No. 19-CV-4592 (BMC)(AKT), 2020 WL 1139905, at *2 (E.D.N.Y. Mar. 9, 2020).

Further, "a suit for money damages against a district attorney or his or her assistant district attorneys, in their official capacities, is actually a suit against New York State, and is barred by the Eleventh Amendment." *Sharp v. Morgenthau*, No. 08-CV-5919 (PKC)(FM), 2010 WL 339767, at *4 (S.D.N.Y. Jan. 25, 2010); *see also Ying Jing Gan v. City of New York*, 996 F.2d 522, 535–36 (2d Cir. 1993) (reaffirming that the Eleventh Amendment bars official-capacity suits based "on decisions whether or not, and on what charges, to prosecute"); *Campos v. Zuntag*, No.

4

15 CV 2862 (CBA)(JO), 2015 WL 6972062, at *4 (E.D.N.Y. Nov. 9, 2015). Accordingly, Plaintiff's claim against ADA Doe is not plausible and is dismissed pursuant to 28 U.S.C. § 1915A(b). However, Plaintiff's complaint against the two officers will be allowed to proceed.

## CONCLUSION

For the reasons set forth above, Plaintiff's claim against ADA Doe is dismissed. *See* 28 U.S.C. § 1915A. No summons shall issue as to this defendant.

The Clerk of Court shall issue a summons with respect to Officer Grant. The United States Marshal Service shall serve the summons and a copy of the complaint upon Officer Grant, Shield No. 12175, who at the time of the incident was an officer at the 75th Precinct, located at 1000 Sutter Avenue, Brooklyn, NY 11208, without prepayment of fees.

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (*per curiam*), the Court requests that the New York City Law Department ascertain the full name of Grant's partner, Officer Doe, who is alleged to have been involved in the October 1, 2017, arrest and detention of Plaintiff. The Law Department is to provide both the full name of the officer and the address where this individual can currently be served; the government need not undertake to defend or indemnify this individual at this juncture. The Law Department is further requested to provide the information specified above to the Court within forty-five (45) days from the date of this Order. Once he has been identified, Plaintiff's complaint shall be deemed amended to substitute this individual for Officer Doe as a defendant, a summons shall issue, and the Court shall direct service on this defendant.

The Clerk of Court is respectfully directed to mail copy of this Order to the Law Department's Special Federal Litigation Division and to Plaintiff and to note the mailings on the docket sheet. This action is referred to Magistrate Judge Taryn A. Merkl for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       June 22, 2021

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge