UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Donald Gibson,

                Plaintiff,                          **MEMORANDUM & ORDER**
                                                               20-CV-04421 (DG) (TAM)
     -against-

Police Officer Teriq C. Grant and Detective Ryan
Olsen,

                Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       On January 31, 2024, Magistrate Judge Taryn A. Merkl issued a Report and Recommendation ("R&R") recommending that the Motion for Summary Judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure by Defendants Teriq C. Grant and Ryan Olsen, ECF No. 39, be granted.  *See generally* R&R, ECF No. 52.[1]

       In February 2024, *pro se* Plaintiff Donald Gibson filed objections to the R&R.  *See* ECF Nos. 54, 55.  Neither Defendant filed any objections to the R&R or any response to Plaintiff's objections to the R&R.  *See generally* docket.

       A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista*

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein.

*Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022). To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

In light of Plaintiff's objections to the R&R, which the Court construes liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court reviews *de novo* the R&R. A review of the R&R, the record, and the applicable law reveals that Judge Merkl properly concluded that no genuine dispute of material fact exists; that Defendants are entitled to qualified immunity; and that for both reasons, Defendants' Motion for Summary Judgment should be granted. The Court adopts the R&R's recommendation that Defendants' Motion for Summary Judgment be granted.

Defendants' Motion for Summary Judgment, ECF No. 39, is GRANTED and the Complaint, ECF No. 1, is DISMISSED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment accordingly, mail a copy of this Order to

Plaintiff, and close this case.

        SO ORDERED.

                                                */s/ Diane Gujarati*
                                                DIANE GUJARATI
                                                United States District Judge

Dated:  March 11, 2024
           Brooklyn, New York